PANISH SHEA & BOYLE, LLP
Brian Panish (Bar No. 116060)
bpanish@psblaw.com
11111 Santa Monica Blvd., Suite 700
Los Angeles, California 90025
Telephone:   (310) 928-6200
Facsimile:   (310) 477-1699

Attorney for Plaintiffs A.C. a minor and C.C. a minor

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

BEN CRUMP LAW, PLLC
Ben Crump
122 S. Calhoun Street
Tallahassee, Florida 32301
Telephone:  (850) 224-2020

Attorneys for Plaintiffs Stephen Clark, Se'Quette Clark, Sequita Eddy Thompson and Tommy Lee Thompson

///

///

///

///

///

COMPLAINT FOR DAMAGES

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN CLARK; SE'QUETTE CLARK; A.C., a minor, by and through his Guardian Ad Litem, RAJNEESH MANNI; C.C., a minor, by and through his Guardian Ad Litem, RAJNEESH MANNI; SEQUITA EDDY THOMPSON; and TOMMY LEE THOMPSON,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SACRAMENTO; TERRENCE MERCADEL; JARED ROBINET; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)<br>4. Substantive Due Process—(42 U.S.C. § 1983)<br>5. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>6. Municipal Liability— Failure to Train (42 U.S.C. § 1983)<br>7. False Arrest/False Imprisonment<br>8. Battery (Wrongful Death)<br>9. Negligence (Wrongful Death)<br>10. Negligent Infliction of Emotional Distress<br>11. Violation of Bane Act (Cal. Civil Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

1.     Plaintiffs STEPHEN CLARK, SE'QUETTE CLARK, A.C., a minor, by and through his Guardian Ad Litem, RAJNEESH MANNI, C.C., a minor, by and through his Guardian Ad Litem, RAJNEESH MANNI, SEQUITA EDDY THOMPSON, and TOMMY LEE THOMPSON for their complaint against Defendants CITY OF SACRAMENTO, TERRENCE MERCADEL, JARED ROBINET, and Does 1-10, inclusive, allege as follows:

**INTRODUCTION**

2.    This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal police shooting of the DECEDENT, Stephon Clark.

**PARTIES**

3.    At all relevant times, Stephon Clark ("DECEDENT") was an individual residing in the County of Sacramento, California.

4.    Plaintiff A.C. is a minor individual residing in the County of Sacramento, California, and is the natural born son to DECEDENT.  A.C. sues by and through his natural grandfather and Guardian Ad Litem, RAJNEESH MANNI.  A.C. sues both in his individual capacity as the son of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT.  A.C. seeks both survival and wrongful death damages under federal and state law.

5.    Plaintiff C.C. is a minor individual residing in the County of Sacramento, California, and is the natural born son to DECEDENT.  C.C. sues by and through his natural grandfather and Guardian Ad Litem, RAJNEESH MANNI.  C.C. sues both in his individual capacity as the son of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT.  C.C. seeks both survival and wrongful death damages under federal and state law.

6.    Plaintiff SE'QUETTE CLARK is an individual residing in Sacramento County, California and was at all relevant times the natural mother of DECEDENT. SE'QUETTE CLARK sues in her individual capacity and seeks wrongful death damages under federal and state law.

7.  Plaintiff STEPHEN CLARK is an individual residing in Sacramento County, California and was at all relevant times the natural father of DECEDENT. STEPHEN CLARK sues in his individual capacity and seeks wrongful death damages under federal and state law.

8.  Plaintiff SEQUITA EDDY THOMPSON is an individual residing in Sacramento County, California and was at all relevant times the natural grandmother of DECEDENT.  SEQUITA EDDY THOMPSON sues in her individual capacity and seeks negligent infliction of emotional distress damages under state law.

9.  Plaintiff TOMMY LEE THOMPSON is an individual residing in Sacramento County, California and was at all relevant times the natural grandfather of DECEDENT.  TOMMY LEE THOMPSON sues in his individual capacity and seeks negligent infliction of emotional distress damages under state law.

10.  At all relevant times, Defendant CITY OF SACRAMENTO ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California.  At all relevant times, CITY was the employer of Defendants TERRENCE MERCADAL, JARED ROBINET and DOES 1-4, who were CITY police officers, DOES 5-6, who were CITY police officers' supervisorial officers, and DOES 7-10, who were managerial, supervisorial, and policymaking employees of the CITY Police Department.  On information and belief, at all relevant times, TERRENCE MERCADAL, JARED ROBINET and DOES 1-10 were residents of the County of Sacramento, California.  TERRENCE MERCADAL, JARED ROBINET and DOES 1-10 are sued in their individual capacity for damages only.

11.  At all relevant times, Defendants TERRENCE MERCADAL, JARED ROBINET and DOES 1-10 were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant CITY.

12.  At all relevant times, Defendants TERRENCE MERCADAL, JARED ROBINET and DOES 1-10 were duly appointed officers and/or employees or

agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

13.   In doing the acts and failing and omitting to act as hereinafter described, Defendants TERRENCE MERCADAL, JARED ROBINET and DOES 1-10 were acting on the implied and actual permission and consent of CITY.

14.   At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

15.   The true names of defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

16.   On September 4, 2018, Plaintiffs served their claims for damages with CITY pursuant to applicable sections of the California Government Code.

17.   On October 19, 2018, CITY rejected Plaintiffs' claims for damages by operation of law.

18.   By the time of filing this Complaint, CITY has not issued its findings as to whether TERRENCE MERCADAL and JARED ROBINET's where found to be within policy, whether they will be disciplined or not and whether CITY has ratified their use of deadly force against DECEDENT.  Accordingly, Plaintiffs reserve the right to amend this Complaint once the CITY has issued its findings as to the involved officers' use of deadly force.

**JURISDICTION AND VENUE**

19.   This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the

1   Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction

2   is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

3       20.   Venue is proper in this Court under 28 U.S.C. § 1391(b), because

4   Defendants reside in, and all incidents, events, and occurrences giving rise to this

5   action occurred in the County of Sacramento, California.

6

7                   **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

8       21.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1

9   through 20 of this Complaint with the same force and effect as if fully set forth

10  herein.

11      22.   On or about March 18, 2018, DECEDENT was at his family's residence

12  located on the 7500 block of 29th Street, in the Meadowview neighborhood of

13  Sacramento, California.

14      23.   While at his residence located on the 7500 block of 29th Street, Officers

15  TERRENCE MERCADAL and JARED ROBINET discharged their firearms at

16  DECEDENT approximately twenty (20) times, striking him approximately eight

17  (8) times, including multiple shots to his back, causing DECEDENT serious

18  physical injury and eventually killing him.

19      24.   Officers TERRENCE MERCADAL and JARED ROBINET fired

20  approximately twenty (20) gunshots at DECEDENT, including shots as he was

21  going to the ground and shots after he had already went down to the ground.

22      25.   At the time of the shooting, DECEDENT was unarmed, with nothing but a

23  cell phone in his hand.

24      26.   At the time of the shooting DECEDENT posed no immediate threat of death

25  or serious physical injury to either Officers TERRENCE MERCADAL or JARED

26  ROBINET, or any other person, especially since he was unarmed and since he was

27  going to the ground or already on the ground when he was shot, including multiple

28  shots to his back.

27.   Both Officers TERRENCE MERCADAL and JARED ROBINET did not give DECEDENT a verbal warning that deadly force would be used prior to shooting DECEDENT multiple times, despite it being feasible to do so and they did not issue appropriate commands to DECEDENT.  Further, the involved officers did not announce themselves as police prior to the shooting.

28.   DECEDENT never verbally threatened anyone prior to being fatally shot by Officers TERRENCE MERCADAL and JARED ROBINET.  Further, DECEDENT was not suspected of committing any serious crime, the involved officers did not observe him commit any crime, the involved officers had no information that DECEDENT was armed with a weapon, and there was no information that DECEDENT had physically injured anyone.

29.   The involved officers shot DECEDENT even though he was not an immediate threat of death or serious bodily injury to the officers or anyone else and there were other less than lethal options available.  Officers TERRENCE MERCADAL and JARED ROBINET did not show a reverence for human life. The involved officers are responsible for every single shot they fired and this was not an immediate defense of life situation.

30.   On information and belief, Defendants TERRENCE MERCADAL and JARED ROBINET had no information that DECEDENT had committed a felony.

31.   After striking DECEDENT approximately eight (8) times, TERRENCE MERCADAL and JARED ROBINET did not provide or summons timely medical attention for DECEDENT, who was bleeding profusely and had obvious serious injuries, and TERRENCE MERCADAL and JARED ROBINET also did not allow and prevented responding medical personnel on-scene to timely render medical aid/assistance to DECEDENT.

32.   Plaintiff SE'QUETTE CLARK was dependent on DECEDENT, including financially dependent.

33.   Plaintiff STEPHEN CLARK was dependent on DECEDENT, including financially dependent.

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)

(By Plaintiffs A.C. and C.C. against Defendants Terrence Mercadal, Jared Robinet and Does 1-4)

34.   Plaintiffs repeat and reallege each and every allegation in paragraph 1 through 33 of this Complaint with the same force and effect as if fully set forth herein.

35.   Defendants TERRENCE MERCADAL, JARED ROBINET and DOES 1-4 caused DECEDENT to be detained and they attempted to arrest DECEDENT in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

36.   As a result of the conduct of TERRENCE MERCADAL, JARED ROBINET and DOES 1-4, they are liable for DECEDENT's injuries because they were integral participants to the violations of DECEDENT's rights.

37.   The DECEDENT was detained without reasonable suspicion by TERRENCE MERCADAL and JARED ROBINET and they attempted to arrest DECEDENT without probable cause.

38.   The conduct of TERRENCE MERCADAL, JARED ROBINET and DOES 1-4 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to TERRENCE MERCADAL, JARED ROBINET and DOES 1-4.

39.   Accordingly, Defendants TERRENCE MERCADAL, JARED ROBINET and DOES 1-4, are each liable to Plaintiffs for compensatory and punitive damages,

including both survival damages and wrongful death damages, under 42 U.S.C. § 1983.

40.   Plaintiffs also seek attorney fees under this claim.

**SECOND CLAIM FOR RELIEF**

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(By Plaintiffs A.C. and C.C. against Defendants Terrence Mercadal, Jared Robinet and Does 1-4)

41.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 40 of this Complaint with the same force and effect as if fully set forth herein.

42.    TERRENCE MERCADAL and JARED ROBINET's unjustified shooting deprived DECEDENT of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

43.   The unreasonable use of force by Defendants TERRENCE MERCADAL and JARED ROBINET deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

44.   As a result, DECEDENT suffered extreme mental and physical pain and suffering, loss of enjoyment of life and eventually suffered a loss of life and of earning capacity.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

45.   As a result of the conduct of TERRENCE MERCADAL and JARED ROBINET, they are liable for DECEDENT's injuries because they were integral participants in the excessive force.

46.   The use of deadly force was excessive because this was not an immediate defense of life situation, the involved officers did not give a verbal warning that deadly force would be used despite it being feasible to do so, there were no commands given and there were other reasonable options available other than shooting and killing DECEDENT.

47.   This use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT was unarmed and he was going to the ground or he was already on the ground for the many of the gunshots, including shots to his back and shots from behind.  The involved officers also fired twenty (20) shots striking DECEDENT approximately eight (8) times.  Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

48.   The conduct of TERRENCE MERCADAL and JARED ROBINET was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants TERRENCE MERCADAL and JARED ROBINET.

49.   Plaintiffs bring this claim as successors-in-interest to the DECEDENT and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

50.   Plaintiffs also seek attorney fees under this claim.

### <u>THIRD CLAIM FOR RELIEF</u>

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(By Plaintiffs A.C. and C.C. against Defendants Terrence Mercadal, Jared Robinet
and Does 1-4)

51.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 50 of this Complaint with the same force and effect as if fully set forth herein.

52.    The denial of medical care by Defendants TERRENCE MERCADAL and JARED ROBINET deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

53.   As a result, DECEDENT suffered extreme mental and physical pain and suffering and eventually suffered a loss of life and earning capacity.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

54.   Defendants TERRENCE MERCADAL and JARED ROBINET knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

55.   After shooting DECEDENT multiple times, TERRENCE MERCADAL and JARED ROBINET did not timely summon or provide timely medical attention for DECEDENT, who was bleeding profusely and had obvious serious injuries, and TERRENCE MERCADAL and JARED ROBINET also did not allow and prevented responding medical personnel on-scene to timely render medical aid/assistance to DECEDENT.

56.   The conduct of Defendants TERRENCE MERCADAL and JARED ROBINET was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants TERRENCE MERCADAL and JARED ROBINET.

57.   Plaintiffs bring this claim as successors-in-interest to DECEDENT and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

58.   Plaintiffs also seek attorney's fees under this claim.

### FOURTH CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(By Plaintiffs A.C., C.C., Stephen Clark and Se'Quette Clark against Defendants Terrence Mercadal, Jared Robinet and Does 1-4)

59.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 58 of this Complaint with the same force and effect as if fully set forth herein.

60.   A.C. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his father, DECEDENT.

61.   C.C. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his father, DECEDENT.

62.   SE'QUETTE CLARK had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free

from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

63.   STEPHEN CLARK had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his son, DECEDENT.

64.   As a result of the excessive force by TERRENCE MERCADAL and JARED ROBINET, DECEDENT died.  Plaintiffs A.C., C.C., SE'QUETTE CLARK and STEPHEN CLARK were thereby deprived of their constitutional right of familial relationship with DECEDENT.

65.   TERRENCE MERCADAL and JARED ROBINET, acting under color of state law, thus violated the Fourteenth Amendment rights of A.C., C.C., SE'QUETTE CLARK and STEPHEN CLARK to be free from unwarranted interference with their familial relationship with DECEDENT.

66.   The aforementioned actions of TERRENCE MERCADAL and JARED ROBINET, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs A.C., C.C., SE'QUETTE CLARK and STEPHEN CLARK with purpose to harm unrelated to any legitimate law enforcement objective.

67.   Defendants TERRENCE MERCADAL and JARED ROBINET, acting under color of state law, thus violated the Fourteenth Amendment rights of DECEDENT and Plaintiffs.

68.   As a direct and proximate cause of the acts of TERRENCE MERCADAL and JARED ROBINET, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of

1  DECEDENT, and will continue to be so deprived for the remainder of their natural
2  lives.  Plaintiffs are also claiming funeral and burial expenses and a loss of
3  financial support.

4  69.   As a result of the conduct of TERRENCE MERCADAL and JARED
5  ROBINET, they are liable for DECEDENT'S injuries because they were integral
6  participants in the denial of due process.

7  70.   The conduct of TERRENCE MERCADAL and JARED ROBINET was
8  willful, wanton, malicious, and done with reckless disregard for the rights and
9  safety of DECEDENT and Plaintiffs and therefore warrants the imposition of
10  exemplary and punitive damages as to Defendants TERRENCE MERCADAL and
11  JARED ROBINET.

12  71.   Plaintiffs bring this claim individually and seek wrongful death damages for
13  the violation of Plaintiffs' rights.

14  72.   Plaintiffs also seek attorney fees under this claim.

15

16  **FIFTH CLAIM FOR RELIEF**
17  **Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**
18  (By Plaintiffs A.C., C.C., Stephen Clark and Se'Quette Clark against Defendants
19  Does 5-10 and City)

20  73.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1
21  through 72 of this Complaint with the same force and effect as if fully set forth
22  herein.

23  74.    On and for some time prior to March 18, 2018 (and continuing to the
24  present date) Defendants DOES 5-10, deprived Plaintiffs and DECEDENT of the
25  rights and liberties secured to them by the Fourth and Fourteenth Amendments to
26  the United States Constitution, in that said defendants and their supervising and
27  managerial employees, agents, and representatives, acting with gross negligence
28  and with reckless and deliberate indifference to the rights and liberties of the public

-14-

in general, and of Plaintiffs and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a) Employing and retaining as police officers and other personnel, including TERRENCE MERCADAL and JARED ROBINET whom Defendants DOES 5-10, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, and other personnel, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c) By failing to adequately train officers, including TERRENCE MERCADAL and JARED ROBINET, and failing to institute appropriate policies, regarding the use of excessive force, including deadly force;

(e) By having and maintaining an unconstitutional policy, custom, and practice of using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects.  The policies, customs, and practices of DOES 5-10 and CITY, were done with a deliberate indifference to individuals' safety and rights; and

(f) Of totally inadequately training CITY Police Officers, TERRENCE MERCADAL and JARED ROBINET, with respect to shooting unarmed individuals, including, but not limited to, individuals holding cell phones.

75. By reason of the aforementioned policies and practices of Defendants DOES 5-10, DECEDENT was severely injured and subjected to pain and suffering and lost his life.

76. Defendants DOES 5-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

77. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 5-10, acted with an intentional, reckless, and callous disregard for the life of DECEDENT, and DECEDENT's and Plaintiffs' constitutional rights. Defendants DOES 5-10, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

78. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants DOES 5-10, were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

79. By reason of the aforementioned acts and omissions of Defendants DOES 5-10, Plaintiffs were caused to medical expenses, incur funeral and related burial expenses, and loss of financial support.

80. By reason of the aforementioned acts and omissions of Defendants DOES 5-10, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

COMPLAINT FOR DAMAGES

81.   Accordingly, Defendants DOES 5-10, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

82.   Plaintiffs seek wrongful death and survival damages under this claim.

83.   Plaintiffs also seek attorney fees under this claim.

### SIXTH CLAIM FOR RELIEF

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

(By Plaintiffs A.C., C.C., Stephen Clark and Se'Quette Clark against

Defendants Does 5-10 and City)

84.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 83 of this Complaint with the same force and effect as if fully set forth herein.

85.   While acting under the color of state law and within the course and scope of their employment as police officers for the CITY police department, TERRENCE MERCADAL and JARED ROBINET's shooting of DECEDENT, who was unarmed with nothing in his hand but a cell phone, deprived DECEDENT of his rights and liberties secured to him by the Fourth and Fourteenth Amendments, including his right to be free from unreasonable search and seizure.

86.   The training policies of the defendant CITY police department were not adequate to train its police officers, including but not limited to, TERRENCE MERCADAL and JARED ROBINET, with regards to using deadly force.  As a result, CITY police officers, including TERRENCE MERCADAL and JARED ROBINET, are not able to handle the usual and recurring situations with which they must deal, including making contact with unarmed individuals holding a cell phone. These inadequate training policies existed prior to the date of this incident and continue to this day.

87.   The Defendant CITY police department was deliberately indifferent to the known or obvious consequences of its failure to train its police officers, including TERRENCE MERCADAL and JARED ROBINET, adequately with regards to using

-17-

1  deadly force.  This inadequate training includes failing to teach officers to give a

2  verbal warning when feasible prior to using deadly force, to give commands when

3  feasible prior to using deadly force, to take cover when the officers believe an

4  individual is armed, to distinguish cell phones from guns, to announce themselves as

5  police and to use less than lethal options, prior to resorting to the use of deadly force.

6       88.     CITY was aware that failure to implement some sort of training with

7  regards to their officers' use of deadly force and dealing with unarmed suspects,

8  including suspects with cell phones in their hands, would result in continuing to have

9  numerous unreasonable officer involved shootings of unarmed individuals annually.

10       89.     The failure of the Defendant CITY police department to provide

11  adequate training with regards using deadly force, caused the deprivation of the

12  Plaintiff's rights by  TERRENCE MERCADAL and JARED ROBINET.  In other

13  words, the Defendant's failure to train is so closely related to the deprivation of the

14  Plaintiffs' rights as to be the moving force that caused the ultimate injury.

15       90.     By failing to provide adequate training to CITY's police officers,

16  including TERRENCE MERCADAL and JARED ROBINET, Defendants DOES 5-

17  10, acted with an intentional, reckless, and callous disregard for the life of

18  DECEDENT, and DECEDENT's and Plaintiffs' constitutional rights.  Defendants

19  DOES 5-10, each of their actions were willful, wanton, oppressive, malicious,

20  fraudulent, and extremely offensive and unconscionable to any person of normal

21  sensibilities.

22       91.     By reason of the aforementioned acts and omissions of Defendants

23  DOES 5-10, Plaintiffs were caused to incur medical expenses, incur funeral and

24  related burial expenses, and loss of financial support.

25       92.     By reason of the aforementioned acts and omissions of Defendants

26  DOES 5-10, Plaintiffs have suffered loss of love, companionship, affection, comfort,

27  care, society, and future support.

28

COMPLAINT FOR DAMAGES

93.     Accordingly, Defendants DOES 5-10, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

94.     Plaintiffs seek wrongful death and survival damages under this claim.

95.     Plaintiffs also seek statutory attorney fees under this claim.

**SEVENTH CLAIM FOR RELIEF**

**False Arrest/False Imprisonment (Cal. Govt. Code § 820 and California Common Law)**

(Wrongful Death)

(By Plaintiffs A.C., C.C., Stephen Clark and Se'Quette Clark against Defendants Terrence Mercadal, Jared Robinet, Does 1-4 and City)

96.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 95 of this Complaint with the same force and effect as if fully set forth herein.

97.     Defendants TERRENCE MERCADAL and JARED ROBINET, while working as police officers for CITY, and acting within the course and scope of their duties, intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force and unreasonable duress when Defendants TERRENCE MERCADAL and JARED ROBINET shot DECEDENT multiple times and killed him.  Defendants TERRENCE MERCADAL and JARED ROBINET intentionally shot at DECEDENT in order to detain him.  Defendants TERRENCE MERCADAL and JARED ROBINET also detained DECEDENT without reasonable suspicion. There was an attempt by TERRENCE MERCADAL and JARED ROBINET to arrest DECEDENT without probable cause.

98.     DECEDENT did not knowingly or voluntarily consent to his detention or attempted arrest. On information and belief DECEDENT did not feel that he was free to leave as he lay dying on the ground. By shooting and killing DECEDENT, Defendants TERRENCE MERCADAL and JARED ROBINET, deprived

1  DECEDENT, who was unarmed, of his liberty without justification.  Further,

2  Defendants TERRENCE MERCADAL and JARED ROBINET did not have

3  probable cause to believe that DECEDENT, specifically, had committed any crime.

4       99.    The conduct against DECEDENT by Defendants TERRENCE

5  MERCADAL and JARED ROBINET, by shooting multiple shots at DECEDENT,

6  was a substantial factor in causing the harm of DECEDENT, namely his death.

7       100.   CITY is vicariously liable for the wrongful acts of Defendants

8  TERRENCE MERCADAL and JARED ROBINET pursuant to section 815.2(a) of

9  the California Government Code, which provides that a public entity is liable for the

10 injuries caused by its employees within the scope of the employment if the

11 employee's act would subject him or her to liability.

12      101.   The conduct of Defendants TERRENCE MERCADAL and JARED

13 ROBINET was malicious, wanton, oppressive, and accomplished with a conscious

14 disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary

15 and punitive damages.

16      102.   Plaintiffs are seeking both survival and wrongful death damages under

17 this claim.

18

19                    **EIGHTH CLAIM FOR RELIEF**

20        **Battery (Cal. Govt. Code § 820 and California Common Law)**

21                         (Wrongful Death)

22   (By Plaintiffs A.C., C.C., Stephen Clark and Se'Quette Clark against Defendants

23              Terrence Mercadal, Jared Robinet, Does 1-4 and City)

24      103.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1

25 through 102 of this Complaint with the same force and effect as if fully set forth

26 herein.

27      104.   TERRENCE MERCADAL and JARED ROBINET, while working as

28 police officers for the CITY Police Department, and acting within the course and

-20-

scope of their duties, intentionally shot DECEDENT multiple times, including shots to his back, shots while DECEDENT was going to the ground and shots after DECEDENT had already went down to the ground, striking DECEDENT eight times.  Further, DECEDENT was unarmed at the time of the shooting with nothing in his hands but a cell phone and the involved officers did not give any verbal warning or commands prior to shooting DECEDENT.  The use of deadly force was also unreasonable because there were clearly less than lethal options available.  As a result of the actions of TERRENCE MERCADAL and JARED ROBINET, DECEDENT suffered severe mental and physical pain and suffering, loss of enjoyment of life and ultimately died from his injuries and lost earning capacity. TERRENCE MERCADAL and JARED ROBINET had no legal justification for using force against DECEDENT and said Defendants' use of force while carrying out their officer duties was an unreasonable use of force, especially since DECEDENT was unarmed when he was fatally shot without verbal warning, including shots as DECEDENT was going down to the ground and shots after he had already went down to the ground.  As a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

105.   CITY is vicariously liable for the wrongful acts of TERRENCE MERCADAL and JARED ROBINET pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

106.   The conduct of TERRENCE MERCADAL and JARED ROBINET was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages.

107.   Plaintiffs bring this claim both individually and as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages.

### NINTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

(Wrongful Death)

(By Plaintiffs A.C., C.C., Stephen Clark and Se'Quette Clark against all Defendants)

108.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 107 of this Complaint with the same force and effect as if fully set forth herein.

109.   The actions and inactions of the Defendants were negligent, including but not limited to:

(a)   the failure to properly and adequately train employees, including TERRENCE MERCADAL and JARED ROBINET, with regards to the use of force, including deadly force;

(b)   the failure to properly and adequately assess the need to detain, arrest, and use force, including deadly force against DECEDENT;

(c)   the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(d)   the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

(e)   the failure to provide and or summons prompt medical care to DECEDENT;

-22-

(f)    shooting an unarmed individual who had nothing in his hands but a cell phone;

(g)    failure to train with regards to objects easily distinguishable from guns;

(h)    the failure to give a verbal warning or any kind of command prior to shooting; and

(i)    the failure to properly train and supervise employees, both professional and non-professional, including TERRENCE MERCADAL and JARED ROBINET.

110.    As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity.  Also as a direct and proximate result of defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs also are claiming funeral and burial expenses and a loss of financial support under this claim.

111.    CITY is vicariously liable for the wrongful acts of TERRENCE MERCADAL and JARED ROBINET pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

112.    Plaintiffs bring this claim individually and as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages.

///

///

-23-

### TENTH CLAIM FOR RELIEF
**Negligent Infliction of Emotional Distress**
**(Cal. Govt. Code § 829 and California Common Law)**
(By Sequita Eddy Thompson and Tommy Lee Thompson against Defendants
Terrence Mercadal, Jared Robinet, Does 1-4 and City)

113.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1-112 of this Complaint with the same force and effect as if fully set forth herein.

114.   TERRENCE MERCADAL and JARED ROBINET negligently caused physical injury and death to DECEDENT when TERRENCE MERCADAL and JARED ROBINET discharged their firearms at DECEDENT, striking him multiple times and eventually killing him.  The use of deadly force by TERRENCE MERCADAL and JARED ROBINET was excessive, unreasonable and TERRENCE MERCADAL and JARED ROBINET were negligent in discharging their firearms at DECEDENT, including pre-shooting negligent conduct, actions, inactions and tactics.

115.   SEQUITA EDDY THOMPSON was present at the scene, which is her residence, when TERRENCE MERCADAL and JARED ROBINET fatally discharged their firearms at DECEDENT and SEQUITA EDDY THOMPSON was aware that DECEDENT was being injured.

116.   TOMMY LEE THOMPSON was present at the scene, which is his residence, when TERRENCE MERCADAL and JARED ROBINET fatally discharged their firearms at DECEDENT and TOMMY LEE THOMPSON was aware that DECEDENT was being injured.

117.   As a result of being present at the scene and perceiving her grandson, DECEDENT, being fatally shot by TERRENCE MERCADAL and JARED ROBINET, SEQUITA EDDY THOMPSON suffered serious emotional distress, including but not limited to, suffering anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

118.   As a result of being present at the scene and perceiving his grandson, DECEDENT, being fatally shot by TERRENCE MERCADAL and JARED ROBINET, TOMMY LEE THOMPSON suffered serious emotional distress, including but not limited to, suffering anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

119.   On information and belief, any ordinary reasonable person would be unable to cope with seeing their grandson fatally shot multiple times by the police, especially at their own residence.

120.   CITY is vicariously liable for the wrongful acts of Defendants TERRENCE MERCADAL and JARED ROBINET, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

121.   SEQUITA EDDY THOMPSON and TOMMY LEE THOMPSON bring this claim individually and seek damages under this claim as individuals.

## ELEVENTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

(By Plaintiffs A.C. and C.C. against Defendants Terrence Mercadal, Jared Robinet and Does 1-4)

122.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 121 of this Complaint with the same force and effect as if fully set forth herein.

123.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion (or by the use of unconstitutionally excessive force).

124.   Conduct that violates the Fourth Amendment violates the California Bane Act.

125.   Defendants TERRENCE MERCADAL and JARED ROBINET's use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT was unarmed with nothing but a cell phone in his hand when he was fatally shot.  Further, the involved officers did not give a verbal warning or any commands prior to fatally shooting DECEDENT, despite being feasible to do so and some of the gunshots occurred as DECEDENT was going to the ground and after he had already went down to the ground.  Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

126.   The DECEDENT was detained without reasonable suspicion and TERRENCE MERCADAL and JARED ROBINET attempted to arrest DECEDENT without probable cause.  Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

127.   TERRENCE MERCADAL and JARED ROBINET intentionally violated  DECEDENT's rights under § 1983 by detaining DECEDENT without reasonable suspicion, by attempting to arrest DECEDENT without probable cause, and by using excessive deadly force against DECEDENT, including but not limited to, shooting the unarmed DECEDENT without warning, including shots to his back and shots from behind.  Further, these acts by TERRENCE MERCADAL and JARED ROBINET' demonstrate that they had a reckless disregard for DECEDENT's constitutional rights.

128.   At the time of the shooting DECEDENT did not pose an immediate threat of death or serious bodily injury and DECEDENT never verbally threatened anyone prior to the shooting.  There is direct and circumstantial evidence that TERRENCE MERCADAL and JARED ROBINET intentionally violated

1 DECEDENT's rights under § 1983 by unlawfully detaining him, by attempting to
2 unlawfully arrest him and by fatally shooting DECEDENT multiple times, including
3 shots to his back, shots from behind, shots while he was going to the ground and
4 shots after he had already went down to the ground.

5     129.   TERRENCE MERCADAL and JARED ROBINET, while working as
6 police officers for the CITY Police Department, and acting within the course and
7 scope of their duties, interfered with or attempted to interfere with the rights of
8 DECEDENT to be free from unreasonable searches and seizures, to equal protection
9 of the laws, to access to the courts, and to be free from state actions that shock the
10 conscience, by threatening or committing acts involving violence, threats, coercion,
11 or intimidation.  DECEDENT, an African-American male, was also racially profiled
12 by the involved officers.

13     130.   DECEDENT was caused to suffer extreme mental and physical pain
14 and suffering and eventually suffered a loss of life and of earning capacity.  Plaintiffs
15 have also been deprived of the life-long love, companionship, comfort, support,
16 society, care, and sustenance of DECEDENT, and will continue to be so deprived for
17 the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial
18 expenses and a loss of financial support.

19     131.   The conduct of TERRENCE MERCADAL and JARED ROBINET was
20 a substantial factor in causing the harms, losses, injuries, and damages of
21 DECEDENT and Plaintiffs.

22     132.   CITY is vicariously liable for the wrongful acts of TERRENCE
23 MERCADAL and JARED ROBINET pursuant to section 815.2(a) of the California
24 Government Code, which provides that a public entity is liable for the injuries caused
25 by its employees within the scope of the employment if the employee's act would
26 subject him or her to liability.

27     133.   The conduct of TERRENCE MERCADAL and JARED ROBINET was
28 malicious, wanton, oppressive, and accomplished with a conscious disregard for the

COMPLAINT FOR DAMAGES

1  rights of DECEDENT entitling Plaintiffs to an award of exemplary and punitive

2  damages.

3        134.   Plaintiffs bring this claim as successors-in-interest to the DECEDENT,

4  and seek survival damages for the violation of DECEDENT's rights.

5        135.   The Plaintiffs also seek attorney fees under this claim.

6  ///

7

8  ///

9

10  ///

11

12  ///

13

14  ///

15

16  ///

17

18  ///

19

20  ///

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Stephen Clark, Se'Quette Clark, A.C., a minor, C.C., a minor, Sequita Eddy Thompson and Tommy Lee Thompson , request entry of judgment in their favor and against Defendants City of Sacramento, Terrence Mercadal, Jared Robinet and DOES 1-10, inclusive, as follows:

      A.    For compensatory damages in excess of $20,000,000, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

      B.    For funeral and burial expenses, and loss of financial support;

      C.    For punitive damages against the individual defendants in an amount to be proven at trial;

      D.    For interest;

      E.    For reasonable costs of this suit and attorneys' fees; and

      F.    For such further other relief as the Court may deem just, proper, and appropriate.

      G.    For treble damages under Civil Code Section 52.1.

DATED:  January 28, 2019      PANISH SHEA & BOYLE, LLP

By_____ */s/ Brian Panish*
      Brian Panish
      Attorney for Plaintiffs

DATED:  January 28, 2019      LAW OFFICES OF DALE K. GALIPO

By_____ */s/ Dale K. Galipo*
      Dale K. Galipo
      Eric Valenzuela
      Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES

1 | DATED:  January 28, 2019                    BEN CRUMP LAW, PLLC

2

3                                                         _____ /s/ Ben Crump _____

4                                                         Ben Crump
                                                          Attorney for Plaintiffs
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-30-

1

## **DEMAND FOR JURY TRIAL**

2

3      Plaintiffs hereby demand a trial by jury.

4

5

6    DATED:  January 28, 2019          PANISH SHEA & BOYLE, LLP

7

8

9                                    By_____/s/ Brian Panish_____
                                         Brian Panish
10                                       Attorney for Plaintiffs

11

12

13

14   DATED:  January 28, 2019          LAW OFFICES OF DALE K. GALIPO

15

16
                                     By_____/s/ Dale K. Galipo_____
17                                       Dale K. Galipo
                                         Eric Valenzuela
18                                       Attorneys for Plaintiffs

19

20

21   DATED:  January 28, 2019          BEN CRUMP LAW, PLLC

22

23                                   _____/s/ Ben Crump_____
                                         Ben Crump
24                                       Attorney for Plaintiffs

25

26

27

28