LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
Eric Valenzuela (Bar No. 284500)
dalekgalipo@yahoo.com
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:         (818) 347-3333
Facsimile:         (818) 347-4118

BEN CRUMP LAW, PLLC
Ben Crump
122 S. Calhoun Street
Tallahassee, FL  32301
Telephone: (850) 224-2020
ben@bencrump.com

Attorneys for Plaintiffs


Susana Alcala Wood, City Attorney (SBN 156366)
Chance L. Trimm, Senior Deputy City Attorney (SBN 139982)
Sean D. Richmond, Senior Deputy City Attorney (SBN 210138)
Matthew R. Day, Senior Deputy City Attorney (SBN 250945)
Sawood@cityofsacramento.org
CTrimm@cityofsacramento.org
Srichmond@cityofsacramento.org
mrday@cityofsacramento.org
CITY OF SACRAMENTO
915 I Street, Room 4010
Sacramento, CA  95814-2608
Telephone: (916) 808-5346
Facsimile: (916) 808-7455

Attorneys for Defendants CITY OF SACRAMENTO, TERRENCE MERCADAL, and
JARED ROBINET

JOINT PRETRIAL STATEMENT

1141178

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

STEPHEN CLARK, et al.,

　　　　　　　Plaintiffs,

　vs.

CITY OF SACRAMENTO, et al.,

　　　　　　　Defendants.

Case No.:  2:19-cv-00171-JAM-EFB

[*Hon. John A. Mendez*]

**JOINT PRETRIAL STATEMENT**

　　　The parties, through their respective counsel of record, hereby submit the following Joint Pretrial Statement.  The nature of the action is a 42 USC § 1983 civil rights action stemming from a fatal officer involved shooting.

**(1)　　Jurisdiction - Venue.**

　　　This Court has subject matter jurisdiction over Plaintiff's federal question and civil rights claims pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3) and (4) and § 1391. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all of the relevant events occurred in Sacramento, California.

**(2)　　Jury - Non-Jury.**

　　　Plaintiffs and Defendants have demanded a jury trial of all issues.

**(3)　　Undisputed Facts.**

　　　Officers Mercadel and Robinet were acting within the course and scope of their employment as police officers for the City of Sacramento Police Department at the time of the shooting.

　　　Decedent died as a result of the gunshot wounds he sustained.

　　　Decedent was unarmed at the time of the shooting.

**(4)　　Disputed Factual Issues.**

Per Plaintiffs:

　　　What Decedent was doing shortly before and at the time of the shooting, including what he was doing with his arms and feet, whether he was moving or stationary and whether he was standing or on the ground.

Whether Decedent ever took a shooting stance.

Whether Decedent's phone resembles a gun and whether Decedent's phone created what appeared what appeared to be muzzle flash and whether Decedent's phone sounded like a gun being fired.

Whether Decedent was advancing on the police officers at the time of the shooting.

Whether there was any information that Decedent had a gun and whether the involved officers were told that Decedent was armed with a "tool bar" or a crow bar, as opposed to a gun.

Whether Decedent was shot while going to the ground and while on the ground.

Whether this was a case of contagious fire.

Whether Decedent knocked on the window of his grandfather's bedroom to be let into the home just prior to the shooting.

Whether there was any evidence that Decedent ever tried to enter or burglarize a home or whether the only crimes reported were vandalism for breaking windows.

Whether Decedent put his hands in the air and went down to the ground in a sign of surrender, prior to or during the shooting.

Whether the officers were in a position of cover.

How many times Decedent was struck, including the amount of entry wounds.

Per Defendants:

Whether decedent intended to end his life at the time of the subject incident based on lethal force by responding SPD officers.

The extent to which Decedent's cognition and ability to reason were impacted by his intoxication due to alcohol and numerous illicit drugs.

Decedent's failure to acknowledge the two SPD officers who repeatedly demanded that decedent show them his hands.

The location of entry and exit wounds regarding the rounds that struck decedent.

**(5)    Disputed Evidentiary Issues.**

Per Plaintiffs:

Plaintiffs will seek to exclude information that the shooting was found within policy and that the district attorney declined to file criminal charges related to the incident.

Plaintiffs will seek to exclude information that was unknown to the officers at the time of the shooting, including google searches involving suicide, a domestic violence incident's involving Decedent and the mother of his children, since the mother of his children and children are not parties to this action, text messages found in Decedent's phone, including

arguments with the mother of his children, Decedent's criminal history, drug use history and toxicology results found at autopsy.

Plaintiffs will seek to exclude argument of suicide by cop.

Plaintiffs' will seek to exclude opinions from Defendants' experts including opinions about suicide by cop, photos taken of hired models in shooting positions, computer generated images of someone in a shooting stance, 10 different frames from the officer body camera video that were turned into a single image.

Plaintiffs propose resolving these issues by motions *in limine*.

<u>Per Defendants</u>:

Defendants dispute plaintiffs' contention that certain bullet wounds on decedent's body were entry wounds.

**(6)     Special Factual Information in Certain Actions.**

In addition to the facts and issues described in (3) through (5), the following special information with respect to the following types of actions shall be specified within either the disputed or undisputed facts sections as appropriate:

In tort actions for personal injury, wrongful death, or property damage:

<u>Per Plaintiff</u>:

(A)     March 18, 2018, at Decedent's family's residence located on the 7500 block of 29th Street, in the Meadowview neighborhood of Sacramento, California.  Decedent was fatally shot multiple times by Officers Mercadel and Robinet, of the City of Sacramento Police Department.  Decedent was unarmed when he was shot, and a search of his body after the shooting found only a cell phone, which does not resemble a handgun in any manner. Decedent also never verbally threatened any of the officers, nor did he attempt to assault or physically injure anyone, including the involved officers, during the incident.

(B)     In wrongful death actions: Se'quette Clark would receive approximately $500 monthly from Decedent before his death.  Ms. Clark was financially dependent on the $500 she received monthly for the necessities of life.  Decedent was in in good physical condition at the time of his death and was a young man of only 22 years old.  Decedent graduated from high school and had taken some community college classes.

**(7)     Relief Sought.**

Plaintiffs seek wrongful death damages for the loss of love, care, comfort and society of Decedent, in an amount to be proven at trial.  Plaintiff Ms. Clark also seeks loss of financial support damages.  Plaintiffs also seek punitive damages and attorney's fees.

/ / /
/ / /

**(8)   Points of Law**

Per Plaintiffs:

**A.  <u>Substantive Due Process—Unlawful Interference with Familial Relations (42 U.S.C. § 1983, Wrongful Death):</u>**

Plaintiffs bring this claim individually against Defendants Mercadel and Robinet.  By using deadly force against Decedent, Mercadel and Robinet interfered with Plaintiffs' familial relationship with their son, Decedent, in violation of Plaintiffs' Fourteenth Amendment rights.

Official conduct "shocks the conscience" where an officer acts with a purpose to harm unrelated to a legitimate law enforcement objective or, if actual deliberation is practical, where the officer acts with deliberate indifference.

Elements:

> 1)  Mercadel and Robinet acted under color of state law;
>
> 2)  Mercadel and Robinet acted with deliberate indifference to Decedent's rights.

See Wilkinson v. Torres, 610 F.3d 546, 554 (9th Cir. 2010); Porter v. Osborn, 546 F.3d 1131, 1137 (9th Cir. 2008).

Per Defendants:

Officers Mercadal and Robinet believed decedent was armed, in a shooting position, and preparing to fire at both officers at the time they fired at decedent. Both officers' actions were objectively reasonable under the factual circumstances of their encounter with decedent. *Graham v. Connor* 490 U.S. 386 (1989)

**B.  <u>Battery (Wrongful Death):</u>**

Plaintiff Ms. Clark brings this claim individually against Defendants Mercadel, Robinet and the City of Sacramento.

Defendants Mercadel and Robinet's use of deadly force, including deadly force, against Decedent was unreasonable.  The City is vicariously liable for Mercadel and Robinet's actions pursuant to Cal. Gov. Code § 815.2(a).

Elements of Plaintiffs' Battery (Wrongful Death) Claim:

> 1)  Mercadel and Robinet shot Decedent;
> 2)  Mercadel and Robinet used unreasonable force;
> 3)  Decedent did not consent to the use of force;
> 4)  Decedent died; and
> 5)  Mercadel and Robinet's use of unreasonable force was a substantial factor in causing Decedent's death.

See CACI 1305.

Per Defendants:

Officers Mercadal and Robinet believed decedent was armed, in a shooting position, and preparing to fire at both officers prior to the time they fired at decedent. Both officers' actions were objectively reasonable under the factual circumstances of their encounter with decedent. Graham v. Connor 490 U.S. 386 (1989)

## C. **Negligence (Wrongful Death)**

This claim is brought by Plaintiff Ms. Clark against all Defendants. The City is vicariously liable for Mercadel and Robinet's actions pursuant to Cal. Gov. Code § 815.2(a). Mercadel and Robinet were negligent in attempting to arrest Decedent, in using force against Decedent, including pre-shooting negligent tactics, and in not timely providing or summoning medical attention for Decedent.

Elements of Plaintiffs' Negligence Claim:

1) Mercadel and Robinet were negligent;
2) Decedent was harmed;
3) The negligence of Mercadel and Robinet was a substantial factor in causing Decedent's death.

See CACI 400, 401, 440.

Per Defendants:

Officers Mercadal and Robinet believed decedent was armed, in a shooting position, and had fired a weapon at both officers at the time they fired at decedent. Both officers' actions were objectively reasonable under the factual circumstances of their encounter with decedent. *Graham v. Connor* 490 U.S. 386 (1989). Both officers also summoned medical attention for decedent after both concluded decedent was no longer an armed threat.

## D. **Violation of Bane Act Cal. Civ. Code. § 52.1:**

Per Plaintiffs:

This claim is brought by Plaintiff Ms. Clark against Defendants Mercadel, Robinet and the City of Sacramento. The City is vicariously liable for Mercadel and Robinet's actions pursuant to Cal. Gov. Code § 815.2(a). Mercadel and Robinet violated the Bane Act, Cal. Civ. Code. § 52.1, when they used unreasonable deadly force against Decedent.

Elements of Plaintiffs' Claim under Cal. Civil Code § 52.1:

1) Mercadel and Robinet acted under color of law;
2) Mercadel and Robinet acted with reckless disregard for the constitutional rights of Decedent;

   3) Decedent was killed
   4) Mercadel and Robinet's conduct was a substantial factor in causing injury or harm to Plaintiffs and/or Decedent.

See CACI 3066.

<u>Per Defendants</u>:

Officers Mercadal and Robinet believed decedent was armed, in a shooting position, and had fired a weapon at both officers at the time they fired at decedent. Both officers' actions were objectively reasonable under the factual circumstances of their encounter with decedent. *Graham v. Connor* 490 U.S. 386 (1989).

**(9)   Abandoned Issues**

Plaintiff Stephen Clark has dismissed all his state law claims, so only Ms. Clark will be bringing state law claims for battery, negligence, and violation of the Bane Act. Plaintiffs have also abandoned all negligent infliction of emotional distress claims and false arrest/false imprisonment claims.

**(10)   Witnesses**.

<u>Plaintiffs' Witnesses</u>:

Plaintiffs' witness list is attached as ***Exhibit A***.

<u>Defendants' Witnesses</u>:

Defendants' witness list is attached as ***Exhibit B***.

**(11)   Exhibits**

<u>Plaintiffs' Exhibits</u>:

Plaintiffs' exhibit list is attached as ***Exhibit C***.

<u>Defendants Exhibits</u>:

Defendants' exhibit list is attached as ***Exhibit D***.

**(12)   Discovery Documents**. A list of all portions of depositions, answers to interrogatories, and responses to requests for admission that the party expects to offer at trial.

<u>Plaintiffs' Exhibits</u>:

Deposition of Thompson, Tommy (10-09-19), 14:10-29:13, 31:2-22, 34:1-11, and 35:25-38:12

**(13)   Further Discovery or Motions.**

<u>Per Plaintiffs</u>:

Other than the motions *in li*mine listed above, Plaintiffs do not anticipate filing any additional motions.

<u>Per Defendants</u>:

None.

**(14)   Stipulations**

None.

**(15)   Amendments - Dismissals**

None.

**(16)   Settlement Negotiations**

<u>Per Plaintiffs</u>:

Plaintiffs are agreeable to continuing settlement discussions directly with Defendants, but do not request another settlement conference with the Court would be helpful.

**(17)   Agreed Statements**

None.

**(18)   Separate Trial of Issues**

None.

**(19)   Impartial Experts**

None.

**(20)   Attorneys' Fees**

<u>Per Plaintiffs</u>:

If Plaintiffs prevail at trial they will seek attorneys' fees twenty-eight (28) days after entry of final judgment.

/ / /
/ / /

**(21)   Trial Exhibits**

No special handling of exhibits.  Exhibits offered or admitted at trial will not be scanned or received electronically unless ordered by the Court.

**(22)   Trial Protective Order**

None.

**(23)   Miscellaneous**

Per Defendants:

Defendants request that the trial of this matter be continued based on the unavailability of trial counsel (Chance Trimm) who is currently assigned as trial counsel for this case. Mr. Trimm is trial counsel in the case of *Updegraff v. City of Sacramento*, venued in Department 38 of the Sacramento County Superior Court for which trial will commence on April 25, 2022, and will continue through the first week of June 2022. Defendants request a continuance of the trial, based on the fact new trial counsel for defendants (Sean Richmond, also with the Sacramento City Attorney's Office) has been assigned as defendants' trial counsel in place of Chance Trimm concerning the instant case. Mr. Richmond will require time to prepare for the trial of this action as counsel for defendants. Plaintiffs' counsel previously indicated he could not agree to continue the trial date based on several trial conflicts.

Per Plaintiffs:

The Court set this case for trial back on April 27, 2020.  See Court's Order [Doc. # 67]. Plaintiffs oppose continuing the June 7, 2022, trial date because Plaintiffs' counsel has significant concerns with continuing the trial.  As an initial matter, lead trial counsel for the Plaintiffs, Dale K. Galipo, has a full trial calendar for the remainder of the year and is concerned that there is no availability in his calendar to reschedule the trial.  Further, Plaintiffs' counsel is concerned that the Court may not have availability on its trial calendar to reschedule the trial, especially due to the back log caused by the pandemic.  Further, good cause does not exist to continue the trial because having a trial which starts on April 25, 2022, is not sufficient grounds to continue a trial scheduled to begin on June 7, 2022.  Especially, in a shooting death case which is over four (4) years old.  Accordingly, good cause does not exist to continue the trial.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

JOINT PRETRIAL STATEMENT

1141178

1    DATED: April 15, 2022                    LAW OFFICES OF DALE K. GALIPO

2
                                            By:    /s/ Eric Valenzuela
3                                                 **ERIC VALENZUELA**
                                                  Attorneys for Plaintiffs
4

5    DATED:  April 15, 2022                   CITY OF SACRAMENTO

6
                                            By:    /s/ Chance L. Trimm
7                                                 **CHANCE L. TRIMM**
8                                                 **SEAN D. RICHMOND**
                                                  **MATTHEW R. DAY**
9                                                 Attorneys for the Defendants

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PRETRIAL STATEMENT
1141178